IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTON CONSTRUCTION
COMPANY, LLC,

      Plaintiff,

v.                                        CASE NO. 4:10cv137-WS

CORUS BANK, et al.,

      Defendants.

---

**ORDER FOR PRE-TRIAL CONFERENCE
AND SETTING TRIAL**

All discovery having now been completed, the following pre-trial schedule and procedure is established:

**I.   DATES FOR COMPLIANCE WITH PRE-TRIAL PROCEDURE**

    A.    This case is set for a telephonic pre-trial conference before Senior Judge William Stafford on **Tuesday, February 19, 2013 at 9:00 a.m.**

    B.    The attorney's conference required by paragraph II shall be held no later than January 29, 2013.

    C.    The pre trial stipulation and other papers required by paragraphs III and IV shall be filed with the Clerk of this Court on or before February 12, 2013.

    D.    This case will be tried during a trial period commencing with jury selection on **Monday, March 11, 2013 at 1:00 p.m. at the U.S. District Courthouse, 111 North Adams Street, Tallahassee, Florida.**

4:11cv137-WS

## II. ATTORNEYS TO CONFER

Counsel for all parties shall meet together on the date specified in Paragraph I(B) for the following purposes:

A. To discuss the possibility of settlement or mediation;

B. To stipulate to as many facts and issues as possible;

C. To draw up the pre-trial stipulation in accordance with Paragraph III of this order;

D. To examine all exhibits and documents proposed to be used in the trial;

E. To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including the possible rebuttal witnesses and experts;

F. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

G. To complete all other matters which may expedite both the pre-trial and the trial of this case.

H. Counsel for plaintiff shall initiate arrangements for the attorneys' conferences. However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order. If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pre-trial stipulation, and failing to succeed, to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

## III. PRE-TRIAL STIPULATION

The pre-trial stipulation shall contain:

A. The basis of federal jurisdiction;

B.  A concise statement of the nature of the action;

C.  A brief general statement of each party's case;

D.  A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection.

E.  A list of names and addresses of <u>all</u> witnesses including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

F.  A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

G.  A concise statement of those issues of law upon which there is agreement;

H.  A concise statement of those issues of fact which remain to be litigated;

I.  A concise statement of those issues of law which remain for determination by the court;

J.  A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

K.  A list of all motions or other matters which require action by the court;

L.  A statement whether this is now a jury or a non-jury case;

M.  Counsels' respective estimates of the length of the trial; and

N.  The signature of counsel for all parties.

## IV.     **PAPERS TO BE SUBMITTED**

No later than the date specified in Paragraph I,C, the parties shall file with the Clerk of the Court:

A.  The pre-trial stipulation prepared in accordance with Paragraph III of this order.

B.  Each side shall submit to the Clerk of the Court for filing, with copy to opposing counsel, a trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law.

C.  Counsel for each party in any jury trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, written request for instructions to the jury, together with proposed forms of verdict.  Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same and in the case of multiple requests by a party shall be numbered in sequence.

D.  Counsel for each party in any non-jury case shall submit to the Clerk of the Court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (See Rule 52, FRCP).

E.  Counsel for each party in any case shall arrange with the Clerk for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

**V.    CONDUCT OF THE PRE-TRIAL CONFERENCE**

A.  Counsel who will conduct the trial are required to be present for the pre-trial conference.  They will be prepared to act with final authority in the resolution of all matters.

B.  The court will ordinarily dispose of all motions and other matters then at issue.  The

court will review all matters contained in the pre-trial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case.

Counsel will be prepared to discuss, and there will be discussed, the prospects of settlement and mediation.

## VI.     PRE-TRIAL ORDER

A.  Unless such designation is made, counsel for all parties, with counsel for plaintiff taking the initiative, shall submit a pre-trial order for the court's approval within ten (10) days after the pre-trial conference.  The pre-trial order so prepared shall incorporate and modify the pre-trial stipulation in light of any additional agreements reached and rulings made at the pre-trial conference.

B.  After the pre-trial order is entered by the court, the pleadings will be merged therein and the pre-trial order will control the course of the trial and may not be amended except by order of the court in the furtherance of justice.

## VII.    NEWLY DISCOVERED EVIDENCE OR WITNESSES

If new evidence or witnesses are discovered after the pre-trial conference, the party desiring to use the same shall immediately furnish complete details thereof, together with the reason for the late discovery, to the court and to opposing counsel.  Use of such evidence or witnesses shall then be allowed only by order of the court in the furtherance of justice.

## VIII.   ADDITIONAL PRE-TRIAL CONFERENCES

If necessary or advisable, the court may adjourn the pre-trial conference from time to time or may order additional pre-trial conferences.

**IX.    SPECIAL MATTERS**

A.  No motion for summary judgment or other motion filed after the date of this order will be ground for cancellation or postponement of the pre-trial conference, or as a basis for non-compliance with any other requirement of this order.  The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed.  Absent prior court approval, a motion for summary judgment not served in time to permit the party opposing the same to make written response prior to a pre-trial conference will not be heard or considered during that pre-trial conference.  Parties will submit memoranda regarding any such motion to the court in accordance with N.D. Fla. Loc. R. 7.1.

B.  If the case is settled prior to the pre-trial conference, it is the responsibility of the parties to see that the court is immediately advised.

C.  Voir dire examination of jurors will be initially conducted by the court.  At the conclusion of the court's examination, reasonable opportunity will be given counsel to inquire of prospective jurors as a result of answers given or other matters occurring during the court's voir dire.

D.  Should a party or a party's attorney fail to appear at a pre-trial conference or otherwise fail to comply with this order,  <u>ex parte</u> hearing may be held and judgment of dismissal or default or other appropriate judgment entered or sanctions imposed.

Counsel, as used herein, means and includes any party who is appearing pro se.

DONE AND ORDERED this 26th day of October, 2012.

                                                s/ William Stafford
                                                WILLIAM STAFFORD
                                                Senior United States District Judge